Ruffin, C. J.
 

 As the defendant's title (o the land in actual possession of Ballard, being all that was claimed by that person, is clear, he was entitled to the non-suit, unless he or the defendant Brittain is to be deemed to be also in the possession of the parcel of twenty-five acres, for the purposes of this action.
 
 It
 
 would be a thing to be regretted, if it were so; as it is directly contrary both to the fact and to the understanding of the parties. It depends upon the construction of the affidavit of the defendant, Brittain, and of the rules made on it. Generally speaking, one, who comes in as landlord, is to be taken as admitting the possession of all the land, described in the declaration, to have been in the tenant and to be in himsel.
 
 McDowell v. Love,
 
 8 Ired. 503. But not always; for in
 
 Carson
 
 v.
 
 Burnett,
 
 1 Dev. & Bat. 546, it was held, that, although the declaration covered both places, yet the plaintiff could not give evidence of a trespass by Mills, the landlord, at a place, which appeared by the plaintiff’s own evidence not to have been in the possession of the tenant, Burnett; and the reason assigned is, that it would be a surprise on the landlord, if he were called ou
 
 *119
 
 to defend there for portions of the land, not in Burnett’s possession, and, in respect of which, no recovery could have been had against Burnett, by himself. So here, we think it would be manifestly a surprise on Brittain, if a recovery could be effected against him, in respect of either the land or the costs, upon a presumption, that he was defending, in this action, his possession to the small parcel of twenty-five acres, which never were in the possession of the tenant, Ballard, against whom this suit was brought, but were in the possession of Cook, against whom another suit was brought, in which Brittain defended for that part unsuccessful]}', and, upon a recovery made therein, the lessor is actually in possession thereof! But it is argued, that Brittain is to be considered as defending for all the land described in the declaration, and not merely for the part held by Ballard, because the rule does not designate the parcel, for which he defends, as that in Ballard’s possession, but is general. But the truth is, that the rule was not drawn out at length in either of the cases, and is, merely, according to our very loose practice, that “upon the affidavit of William Brittain, he is admitted party defendant.” The rules are, therefore, to be referred to the affidavit, as explanatory of their true meaning. From that it is clear, that the landlord meant to defend in each action for the several parcels, as such, which the tenants, defendants in the two actions, respectively had in possession ; for it cannot be supposed, that either party intended the absurdity, that each of the tenants had the several possession of the whole of the land, at one and the same time. As the affidavit was made m the two cases, and, in each of them, the plaintiff sought to recover upon several, and not joint ousters by Cook and Ballard, it is absolutely certain, that those persons and Brittain must have understood, that the recovery was sought in each case for the part of the several possession of each. Consequently, in the case, which was
 
 *120
 
 brought against Cook, and which came on first to be tried, there was no thought of recovering therein the land held by Ballard, although there was just the same ground for doing so, that there is, in this case, to recover for the parcel that was held by Cook; but the recovery was in respect of the latter only. It is plainly against justice, that there should now be a second recovery for the same parcel against the defendant, Brittain, when no recovery could have been had therefor against Ballard, whose possession Brittain undertook to defend. It is an attempt to recover in the action against Ballard, not for the trespass committed by him, but for a trespass by Cook in a separate parcel, for which, indeed, there has already been a recovery. The case, therefore, falls within the ruling in
 
 Carson
 
 v.
 
 Burnett,
 
 and this point is for the defendant; which renders it unnecessary to consider the other points reserved.
 

 Per Curiam.
 

 Judgment affirmed.